**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

In re

Hermogenes Abad

                              CHAPTER    13
                              CASE NO.    12-26435-RAM

      Debtor(s)
_____/

**<u>MEMORANDUM OF LAW OPPOSING DEBTOR'S MOTION TO VALUE/DETERMINE SECURED STATUS FILED BY HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-AB1</u>**

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-AB1 ("Creditor"), submits the following Memorandum which outlines its position on the issues involved in this Contested Matter.

**Legal Question Presented**:

May a chapter 13 debtor value a first mortgage encumbering non-principal residence real property when the subject property is not owned solely by debtor, but is owned jointly by the debtor and a non-filing co-owner as tenants in common?

**Short Answer:**

Yes, however, the chapter 13 debtor may only value his one-half interest and the remainder of the mortgage debt will still attach to the co-tenant's remaining one-half interest.

**Legal Analysis:**

It appears from the public records that the subject property is owned as tenants in common by both Hermogenes Abad, a single man, and Nery De Leon, a single woman.  A copy of the Warranty Deed establishing the tenancy in common is recorded on October 23, 2006 at OR Bk 25032, Pgs 2296 - 2297 in the official records of Miami-Dade County, Florida, and is attached hereto as Exhibit A.  Although one of the title owners, Hermogenes Abad is a debtor before this court, the other co-owner, Nery De Leon is not a debtor before this Court and is not

subject to the jurisdiction of the Court, nor are her property rights subject to the Court's jurisdiction. The debtor can only modify the lien as to his one-half interest as he is not the sole owner of the property. The debtor may chose to value his one-half interest, however creditor's entire lien will survive the bankruptcy case against the non-filing co-owner's interest as there in no mechanism under bankruptcy law or state law to value the non-debtor's ownership interest.

    A.    <u>Property of the Estate</u>

Section 506(a)(1) provides in part (portions that have no impact on the issue have been redacted)

> § 506 Determination of Secured Status
>
>> (a) (1) An allowed claim of a creditor secured by a lien on **property in which the estate has an interest** ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of the such property, and in conjunction with any hearing on such disposition or use or on a plan affecting the creditor's interest.11 U.S.C. § 506(a)(1)(2007)(parts omitted).

The plain language of the statute limits a debtor's ability to value claims to only those claims on property in which the estate has an interest. Pursuant to 11 U.S.C. § 541, property of the estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 506(a)(1)(2007) (parts omitted).

"The difficulty this section presents is that § 506(a) seems limited in its application to "property in which the estate has an interest," **and it is clear that if the property never has been property of the estate,**.... the estate does not have an interest which would allow for a §506(a) determination. *In re Maitland*, 61 B.R. 130, 132–33 (Bankr.E.D.Va.1986). Consequently, debtors cannot void these liens." *Dewsnup v. Timm* (*In re Dewsnup*), 908 F.2d 588, 591 (10th Cir.1990) aff'd, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

B.     Tenants in Common under Florida Law

The determination of a property interest in a bankruptcy case are made by reference to state law.  Specifically, under *Butner v United States*[1] , the Court must first look to the applicable non bankruptcy law to determine what rights a non bankruptcy owner of real property would have to effect a strip-down or strip-off of the mortgage in question.  *Butner v United States* , 440 U.S. 48, 99 S.Ct. 914 (1979).  The answer is that absent a bankruptcy court exercising jurisdiction in a bankruptcy case, it cannot be done because there is no such remedy available under state law.  After making the state law determination, the Court must, in applying the provisions of the bankruptcy code to the issues, respect the underlying state law concerning ownership interest governed by Title.

Under Florida law, a transfer or conveyance between two individuals who are unmarried and does not provide for the right of survivorship shall create a tenancy in common. FL ST § 689.15. When a deed or other document conveying title to two or more persons as tenants in common is silent as to each tenant's proportional interest in the property, a presumption arises that the tenants own an, "equal undivided interest" in the property. *In re Levy,* 185 B.R. 378, 381 (Bankr. S.D. Fla. 1995). The deed in question lists the grantees as, "HEMORGENES ABAD, a single man and NERY DE LEON, a single woman." Considering that the deed does not reference any right of survivorship and is silent as to the proportional interest each grantee has in the property, under Florida law, the debtor and the co-owner each own a 50% interest in the property and hold title to the property as tenants in common.

C.     Case law interpreting Section 506 and 1322

One of the first cases to examine the issue of valuation of real property held by tenants in common was *In re Crompton*, 68 B.R. 831 (Bankr.E.D.Va.1987). In *Crompton*, the debtor owned the property with a non-filing co-owner, who was not her spouse.  *Id*. at 833.  The Court correctly

---

[1] "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v United States* , 440 U.S. 48, 99 S.Ct. 914 (1979).

noted that "when examining the value of an estate of a joint tenant in any form of property ownership other than that having the unique characteristics of tenancy by the entireties requires that the value of the premises be bifurcated when computing the value of the estate of a joint tenant." *Id* at 835.  The Court determined that the full value of the property should be divided in half to arrive at the value of the debtor's interest.  *Id*. at 836.

After *Crompton*, the Bankruptcy Court in *In re Abruzzo*, 249 B.R. 78 (Bankr. E.D.Penn. 2000) took a similar position holding that a Debtor who owned property with her former spouse as tenants in common could only value her one-half interest in the non-principal residence property.  Thus, the court determined that the value of the property was $41,000.00 and the value of debtor's one-half interest in the property was $20,500.00.  *Id*. at 90.  The Court further determined the interest the Creditor held as to the remaining non-filing co-owner's one-half interest in the property and determined that "[the creditor] will still retain its lien on the non-debtor's interest in the Property."  *Id*.

A similar fact pattern arose in *In re Veneziale*, 267 B.R. 695 (Bankr. ED.Penn. 2001), where the debtor proposed to bifurcate the creditor's claim into a secured claim for the value of the property and an unsecured for the remainder.  The debtor's chapter 13 plan provided for payment to the Bank in an amount equal to her one-half interest in the Property.  *Id*. at 698.  The Court held that the plain language of Section 506(a) would control and that "the Bank's secured claim is limited to 'the value of such creditor's interest in the *estate's interest* in such property.'"  *Id*. at 701.

Most notably the court found as follows:

> "The parties agree that the value of the Property is $34,000.00. To determine the "value of such creditor's interest in the estate's interest in such property," Section 506(a) requires the court to consider "the purpose of the valuation." In this case, the debtor is seeking a Section 506(a) valuation of the Bank's secured claim for the purpose of ensuring that its treatment of the Bank's claim in its chapter 13 plan will comply the confirmation requirements of 11 U.S.C. § 1325(a)(5)14. The debtor will be required to pay to the Bank in her chapter 13 plan the amount of the Bank's "allowed secured claim."

> Under Section 506(a), the Bank's secured claim is limited to "the value of such *creditor's interest* in the estate's interest in such property." 11 U.S.C. § 506(a). The estate's interest in the Property is defined by Section 541(a), which provides that the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, the extent of the debtor's "legal or equitable" interest in property is determined by applying state law. *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979)(Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law); *In re O'Dowd*, 233 F.3d 197, 202 (3d Cir.2000)(While federal law defines what types of property comprise the estate, state law generally determines what interest, if any, a debtor has in property.)
>
> The debtor owns the Property as a tenant in common with David Corliss and her interest in the Property is equal to one-half of the value of the property. See Part A, supra. Therefore, the estate's interest in the property is also limited to one-half of the value of the Property, or $17,000.00. See, *In re Abruzzo*, 249 B.R. 78, 88 (Bankr.E.D.Pa.2000); *In re Crompton*, 68 B.R. 831, 835 (Bankr.E.D.Pa.1987). Cf. *In re Beach*, 169 B.R. 201, 204 (D.Kan.1994)."

*Id*. at 700 - 701.

What the Court in *Veneziale* articulated is that the debtor can only utilize §506(a) for the purposes of valuing the "estate's interest in such property." Thus, in a situation as presented in this case, where the estate only has a proportional interest in the property, §506 can only be used to value that proportional interest and not the property as a whole.

    D.    <u>Conclusion</u>

The case law supports the position that debtor may value his one-half interest in the property and the proper method to determine such value is to take the total value of the property and divide that amount in half to determine the secured portion to be paid through the chapter 13 plan. Further, the case law supports the proposition that the entire lien will remain against the non-filing co-owner's remaining one-half interest in the property, with the debtor receiving credit for the payments made through the Chapter 13 plan.

Under these circumstances, valuation serves no benefit to the estate, as upon discharge the debtor will own one-half of the subject property free and clear of liens (assuming all plan

payments are made), with the remaining one-half of the subject property being subject to the creditor's entire lien amount, less payments made on the lien claim by the debtor in the case. Even upon completion of the plan and receipt of a discharge, the debtor will not be able to sell the property free and clear of liens, nor could the debtor refinance only his portion of the property. Creditor has a final judgment of foreclosure against both co-owners, and assuming the Court grants creditor co-debtor stay relief, it could foreclose its lien against Nery De Leon. Such a result would place Creditor and debtor in the position as co-owners of the property as tenants in common, a fact situation fraught with the possibility of further litigation to resolve the inevitable disputes that are likely to arise between the debtor and Creditor.

E.    Valuation Dispute

The Creditor also objects to the proposed valuation of the property at issue as it is not indicative of the "Market Value" of the Property, i.e. what a willing buyer and a willing seller negotiate in an arms length transaction, with neither party acting under compulsion nor both parties with knowledge of the material facts and circumstances of the transaction. If the Court decides to permit valuation in the context described above, then Creditor would request the opportunity to contest the proposed value of the property at an evidentiary hearing with Expert Witnesses.

### Certification as to Admission to the Southern District Bar

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

I hereby certify that if the above is a matter requiring a hearing rather than negative notice, I have attempted to resolve the disputes involved with opposing parties prior to requesting any hearing on the above Motion.

/s/ Nicole M Mariani
Nicole M Mariani
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1343
Fax: (813) 229-3323
nmariani@kasslaw.com
Florida Bar No. 69883

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on November 30, 2012, by U.S. Mail and/or electronic mail via CM/ECF to: Hermogenes Abad, 6045 NW 186th Street, #113, Miami Lakes, FL 33015; Nery Delon at his/her place of abode, 6060 W 21 CT APT 405, HIALEAH, FL 330160000; Janet C Tacoronte, Esq, 14750 NW 77 Ct. #309, Miami Lakes, FL 33016; Nancy N. Herkert, Trustee, P.O. Box 279806, Miramar, FL 33027-9806.

/s/ Nicole M Mariani
Nicole M Mariani (x1343)

1000066B/nmm