**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                                         Case No: 12-26435 RAM

                                                                                               Chapter 13

HERMOGENES ABAD


_____Debtor_____/

**MEMORANDUM IN SUPPORT OF MOTION TO VALUE SECURED PROPERTY HELD BY HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST,**

**SERIES 2007-AB1  (DE 44)**

The Debtor, Hermogenes Abad, through undersigned counsel hereby presents this Memorandum in Support of Debtor's Motion to Value Secured Property Held by HSBC Bank USA, NA as Trustee for Deutsche Alt-B Securities Mortgage Loan Trust Series 2007-AB1 [DE 44] and in support states:

**I.**

**UNDISPUTED FACTS**

On July 6, 2012, the Debtor Hermogenes Abad filed for relief under Chapter 13 of the Bankruptcy Code. ("Petition Date") The Debtor joint with his sister Nery De Leon are in title to the property located at 6060 W 21 Ct, #405, Hialeah, Fl 33016 and with a legal description of:

UNIT NO. 405, BUILDING 6060 OF VALENCIA TOWERS, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 24007, at Page 2828, of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto and all amendments thereto as set forth in said Declaration

On or about October 1, 2006, the Debtor jointly with Nery De Leon executed a Mortgage to Universal Financial Corp DBA: One Stop Mortgage which was recorded in Book/Page 25032/2298 in the Official records of Miami Dade County, Florida and subsequently assigned to HSBC Bank USA, National Association, as Trustee for Deutsche ALT-B Securities Mortgage Loan Trust, Series 2007-AB1 and recorded in Book/Page 27165/1039.  (hereinafter "HSBC"). The Promissory Note was signed solely by the Debtor.

1

      The Debtor has filed a Motion to Value the Secured Property at $43,660.00   [DE 44] the "Motion to Value") pursuant to 11 USC §506(a)(1).

## II.

## THE ISSUE PRESENTED

      The issue is whether the Debtor can "cram down or strip down" a partially unsecured mortgage on an investment property in a Chapter 13 case when the property is jointly owned by a non-filing party, if that party is not a co-obligor on the promissory note but did execute the mortgage?

## III.

## ARGUMENT IN SUPPORT

      A Chapter 13 debtor normally can bifurcate an under-secured mortgage claim encumbering non-homestead property into a secured portion and an unsecured portion pursuant to § 506(a) "Section 506(a) defines the secured and unsecured components of debts according to the value of the underlying collateral." Sections 506(a) and 1322(b)(2) work in tandem for claims valuation. Section 1322(b)(2) allows a debtor to "modify the rights of holders of secured claims," but not where the underlying collateral is the debtor's principal residence.

      This Court has previously held that a Debtor was prohibited from stripping down a mortgage for a property that was jointly owned with a non-debtor **spouse. <u>IN RE ALVAREZ, No. 11-44246-BKC-AJC</u>** (Bankr. S.D. Fla. Apr. 24, 2012). This case is distinguishable from *Alvarez* in that the co-owner is not the spouse of the Debtor. Alvarez was decided based on the analysis of the property being owned as tenants- by- the –entireties (TBE). This is not the case here. The property is held by the Debtor and Nery De Leon as tenants in common.

      Tenancy by the entireties is a form of ownership of property unique to married couples. "Entireties property belongs to neither spouse individually, but each spouse holds `the whole or the entirety, and not a share, moiety, or divisible part.'" *Alvarez citing,* <u>In re Pierre, 2012 WL 928192 (Bankr. M.D.Fla. Mar. 16, 2012)</u> . The Florida Supreme Court has held that TBE property is "an estate over which the husband and wife have absolute disposition and as to which each, in the fiction of the law, holds the entire estate as one person." *Alvarez citing,* 2012 WL 928192 at 5 citing <u>Hunt v. Covington, 200 So. 76, 77 (Fla. 1941)</u>.

      In Alvarez the Court pointed out that if that the interest and encumbrances of the debt will be affected if either the Debtor or the non-filing spouse died because either will become the sole owner. Not so in the matter at hand. Because the Debtor and the non-filing owner are not married and hold title as tenancy in common, the owners do not have absolute disposition as in TBE and the property is in fact divisible by the parties.  Furthermore, upon death of the Debtor his portion of the estate will pass to his estate.

Therefore, the ruling in Alvarez does not apply.

## III.

## CONCLUSION

As stated in the argument above the Motion to Value should be granted. Nery De Leon's interest in the property does not make her a co-obligor or grant her 100% interest in the property and therefore will not be affected by the strip down of the mortgage.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned served a copy of this Motion electronically to the parties stated below this 30 of November 2012 upon the following:

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in local rule 910(d)(1) and (2).

Nancy Herkert, Trustee

Irene Dorner, President
1800 TYSONS BOULEVARD, SUITE 50
MCLEAN, VA, UNITED STATES 22102

Nicole Mariani
Attorney For HSBC BANK
Kass Shuler, P.A.
PO BOX 800
Tampa, FL 33601

_____/S/_____
Janet C. Tacoronte, Esq.
FBN: 676608
JC Law, PA
14750 NW 77th Ct., #306
Miami Lakes, FL 33016
Phone: 305-822-5513
Fax: 305-822-5545
Email:janet@jclawmiami.com