

**ORDERED in the Southern District of Florida on January 28, 2013.**

Robert A. Mark, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              CASE NO.   12-26435-RAM
                                                    CHAPTER    13

Hermogenes Abad

      Debtor.
_____/

### ORDER DENYING DEBTOR'S MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY

The Court conducted a hearing on December 13, 2012, on the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property Held by HSBC Bank USA, National Association, as Trustee for Deutsche ALT-B Securities Mortgage Loan Trust, Series 2007-AB1 ("Motion") [DE# 44]. The Motion seeks to value (and strip down the mortgage on) certain real property located at 6060 W. 21st Court, Apt. 405, Hialeah, Florida (the "Property). The Property is co-owned by a non-debtor.

### Discussion

Property interests in a bankruptcy case are determined by state law. *Butner v. U.S.*, 440 U.S. 48, 54 (1979). Under Florida law, a transfer or conveyance between two

individuals who are unmarried, which does not provide for the right of survivorship, creates a tenancy in common. Fla. Stat. § 689.15. When a deed or other document conveying title to two or more persons as tenants in common is silent as to each tenant's proportional interest in the property, a presumption arises that the tenants own "equal undivided interests" in the property. *Gennet v. Docktor (In re Levy),* 185 B.R. 378, 381 (Bankr. S.D. Fla. 1995). Thus, in this case, the Debtor, Hermogenes Abad, and the non-filing co-owner, Nery De Leon, each own an undivided one-half interest in the Property and hold title to the Property as tenants in common.

Because the Debtor holds a one-half interest in the subject Property, only the Debtor's one-half interest became property of the estate upon the filing of this bankruptcy case. *See Maitland v. Cent. Fid. Bank (In re Maitland)*, 61 B.R. 130, 132-33 (Bankr. E.D. Va. 1986). The Debtor may only utilize § 506(a) for the purposes of valuing the "estate's interest in such property." *Veneziale v. Sparkman (In re Veneziale)*, 267 B.R. 695, 701 (Bankr. E.D. Pa. 2001). The value of the premises is bifurcated when computing the value of the estate of a tenant in common and the full value of the property must be divided in half to arrive at the value of the debtor's interest. *Crompton v. Boulevard Mortg. Co.* (*In re Crompton)*, 68 B.R. 831, 835-36 (Bankr. E.D. Pa. 1987).

Thus, because the Debtor only has a one-half interest in the Property, § 506 can only be used to value that proportional interest and not the Property as a whole. Though the Court might not preclude the Debtor's efforts to value his one-half ownership interest in the subject Property, upon such valuation, the creditor would retain its entire claim amount as a mortgage lien against the remaining non-filing co-owner's one-half interest in the Property. *In re Abruzzo*, 249 B.R. 78, 90 (Bankr. E.D. Pa. 2000).

Based on the foregoing, it is -

ORDERED as follows:

1. The Debtor's Motion is denied without prejudice because it seeks relief with respect to the full value of the Property.

2. The Debtor may file a renewed Motion to Value the Property limited to his one-half interest in the Property.

3. If filed and granted, the relief stripping down the lien on the Debtor's one-half interest shall not affect the non-filing co-owner's interest in the Property and the creditor's full lien amount shall remain and shall continue to encumber the non-filing co-owner's one-half interest.

###

COPIES TO:

Nicole M. Mariani, Esq.
KASS SHULER, P.A.
P.O. Box 800
Tampa, FL  33601
(Counsel for Creditor HSBC Bank)

Janet C. Tacoronte, Esq.
14750 N.W. 77th Court
Suite 306
Miami Lakes, FL  33016
(Counsel for Debtor)